Filed 11/15/22 P. v. Robinson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094766 |
| Plaintiff and Respondent, | (Super. Ct. No. 05F03831) |
| v. | |
| CLARK ROBINSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Clark Robinson of murder in a home invasion robbery and found true a robbery-murder special circumstance. (Pen. Code, §§ 187, subd. (a), 190.2, subds. (a)(17), (d).)[1] Defendant petitioned for resentencing under section 1172.6 (former section 1170.95) based on changes to the felony murder rule made by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, effective Jan. 1,

---

[1] All undesignated statutory references are to the Penal Code.

1

2019; Senate Bill 1437).[2] Defendant contends the trial court erred in denying the petition at the prima facie stage.

After defendant's conviction, the California Supreme Court issued two decisions as guidance on the factors that should be considered by a jury in finding true felony-murder special circumstances enhancements: *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). *Banks* set forth factors to be considered in determining whether a defendant was a "major participant" in the underlying felony. (*Banks, supra,* at pp. 797-804.) In *Clark*, the court set forth factors to be considered in determining whether a defendant acted with "reckless indifference to human life." (*Clark, supra,* at pp. 611-623.)

We requested supplemental briefing to address whether the trial court erred in denying defendant's petition in light of the California Supreme Court's decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). The parties agree that the court erred, as do we. We will reverse the court's order denying the petition and direct the court to issue an order to show cause and, if necessary, conduct an evidentiary hearing on defendant's petition.

## I. BACKGROUND

Given the nature of this appeal, a detailed recitation of the facts is not necessary. In sum, defendant and two others entered the home of the victim, whom they believed stored the proceeds from drug sales in his house, by firing a shot gun into the side of the house and entering through a bedroom window. In exiting the house, one of the intruders shot the victim with a handgun. Defendant was arrested asleep in a car with a shotgun between his legs that matched to a shell found in the victim's house. With defendant was

---

[2] Effective June 30, 2022, former section 1170.95 was recodified without substantive change as 1172.6. (Stats. 2022, ch. 58, § 10.)

his co-defendant, who had a handgun in his waistband that matched to a shell recovered at the scene.[3]

The jury convicted defendant of murder with a robbery-murder special circumstances finding (§§ 187, subd. (a), 190.2, subd. (a)(17)) and also found true that defendant personally used a firearm (§ 12022.53, subd. (b)). Defendant was sentenced to life without the possibility of parole, plus 10 years consecutive for the firearm enhancement. The trial court stayed defendant's sentence on a separate conviction for robbery (§ 211) under section 654. On appeal, we affirmed the judgment (modified to add a parole revocation fine). (*Robinson, supra*, C055313.)

On March 7, 2019, the trial court denied defendant's petition for habeas corpus rejecting his claim that the evidence was insufficient to support the jury findings and should be reviewed again under *Banks*.

On April 29, 2019, defendant filed a petition for writ of habeas corpus in this court raising the same contention, which we denied.

On February 3, 2020, defendant filed a petition for resentencing under section 1172.6. His declaration stated that he was convicted of murder under the felony-murder rule or natural and probable consequences doctrine and could not now be convicted of murder because of the changes to sections 188 and 189. The trial court granted defendant's request for appointment of counsel.

On August 14, 2020, the District Attorney filed a motion to dismiss the petition. On July 14, 2021, defense counsel filed a reply brief.

On August 9, 2021, the trial court issued an order denying the petition. The court expressed the view that a petition under section 1172.6 was not the proper forum

---

[3] We granted defendant's request for judicial notice of, and to incorporate by reference, the record of his direct appeal and our opinion in *People v. Robinson* (May 28, 2009, C055313) [nonpub. opn.] (*Robinson*).

3

determining the sufficiency of the evidence finding in light of *Banks* and *Clark*, especially when defendant had been denied habeas relief after those decisions were rendered. Even without regard to defendant's previous habeas review, the trial court said the evidence summarized in this court's opinion affirming the judgment was sufficient to conclude beyond a reasonable doubt that defendant was a major participant in the robbery, who acted with reckless indifference to human life under *Banks* and *Clark*. Further, in making a true finding of a felony-murder special circumstance based on the evidence introduced at trial, the jury had determined that defendant was either the actual killer, acted with intent to kill, or was a major participant in the underlying felony who acted with reckless indifference to human life. Nonetheless, the trial court opted for a "halfway solution;" that is, to conduct a review of the sufficiency of the evidence at the prima facie stage applying the factors set forth in *Banks* and *Clark*. The trial court analyzed each factor and determined the evidence was sufficient for a jury to conclude beyond a reasonable doubt that defendant was a major participant in the robbery (*Banks*) and that, in committing the attempted robbery, defendant acted with reckless indifference to human life (*Clark*). The trial court held that as long as defendant remained convicted of felony-murder special circumstance murder, he was ineligible for section 1172.6 relief.

Defendant filed a timely appeal.

## II. DISCUSSION

A. *Legal Background*

The Legislature enacted Senate Bill 1437 to amend the felony-murder rule and eliminate the natural and probable consequences doctrine for murder. (*People v. Superior Court (Gooden)* (2019) 42 Cal.App.5th 270, 275-277.) To that purpose, Senate Bill 1437 amended sections 188 and 189 and added former section 1170.95 (now section 1172.6).

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime

4

shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)

Section 1172.6 allows those convicted of felony murder or murder under the natural and probable consequences theory to petition the trial court to vacate and resentence the defendant. (§ 1172.6, subd. (a).) "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section former 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972; see *id.* at p. 971.)

B.    *Analysis*

Section 190.2 provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery,

5

an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Banks, supra*, 61 Cal.4th at p. 798.) On its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

However, resolving a split of authority, our Supreme Court has made clear that where, as here, a defendant's case "was tried before *Banks* and *Clark*, the special circumstances findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra,* 13 Cal.5th at p. 721.) This is true even if the trial evidence would have been sufficient to support the finding under *Banks* and *Clark*. (*Id.* at p. 710.) The *Strong* court noted that the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference inquiry."

The trial court incorrectly stated that the proper forum for *Banks* and *Clark* challenges was a habeas petition. To be sure, as *Strong* noted, before Senate Bill 1437, the effect of these decisions was litigated largely in habeas corpus proceedings challenging special circumstance findings. (*Strong, supra,* 13 Cal.5th at pp. 706-707.) However, our Supreme Court in *Strong* pointed out that, after *Banks* and *Clark* but before the changes to section 189 wrought by Senate Bill 1437, a defendant seeking habeas relief could have sought relief to vacate the special circumstance finding *but not the underlying conviction*. (*Strong, supra,* at pp. 711-712.) The court also observed that nothing in section 1172.6 requires a defendant to challenge a special circumstance finding by a habeas petition. (*Strong, supra,* at p. 713.)

Further, the court in *Strong* rejected the proposition that prior special circumstances findings foreclose relief under section 1172.6 under principles of issue

6

preclusion, in light of the "well-settled equitable exception" for significant change in the law, as represented by *Banks* and *Clark*. (*Strong, supra,* 13 Cal.5th at pp. 715-718.)

Lastly, the *Strong* court also rejected the idea that a trial court may deny a petition under section 1172.6 at the prima facie stage if it independently examines the evidence applying *Banks* and *Clark* factors. (*Strong, supra,* 13 Cal.5th at pp. 718-720.) The court reasoned that *Banks* and *Clark* guiding factors would have altered trial proceedings, including the evidence defense counsel would have sought to introduce, as well as counsel's trial strategies and a determination whether to request optional *Banks* and *Clark* instructions to guide the jury, with the possibility of the different outcomes resulting. (*Id.* at pp. 719-720.) In addition, an after-the-fact *Banks* and *Clark* review would not account for the fact that prior findings were made beyond a reasonable doubt but under outdated standards, and any review applying correct legal standards would not involve a determination beyond a reasonable doubt. (*Id.* at p. 720.)

Applying the principles articulated in *Strong*, we conclude the trial court improperly denied defendant's petition at the prima facie stage. The jury made its special circumstance finding long before *Banks* and *Clark*. Under *Strong*, that finding does not preclude defendant from stating a prima facie case for relief. (*Strong, supra,* 13 Cal.5th at p. 721.) Contrary to the trial court's view, a habeas petition is not the only proper forum to raise *Banks* and *Clark* factors; indeed, habeas cannot provide equivalent relief to a section 1172.6 petition since habeas only challenges the special circumstance finding and not the underlying murder conviction. (*Strong, supra,* at pp. 711-713.) Nor is the trial court's review of the evidence applying *Banks* and *Clark* factors a proper basis to deny a petition under section 1172.6. (*Strong, supra,* at pp. 719-720.)

Defendant's section 1172.6 petition was facially sufficient and alleged the essential facts necessary for relief. The record does not contain anything establishing that defendant is ineligible for relief as a matter of law. Therefore, we must remand the matter to the trial court to issue an order to show cause, and, as necessary, conduct an

evidentiary hearing.  (§ 1172.6, subd. (d).)  We express no opinion on the ultimate resolution of the petition.[4]

## III. DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed.  On remand, the court is directed to issue an order to show cause, and, to the extent necessary, hold an evidentiary hearing on the petition.

/S/
_____
RENNER, J.

We concur:

/S/
_____
MAURO, Acting P. J.

/S/
_____
HOCH, J.

_____

[4] In light of our conclusion that *Strong* requires remand, we do not reach defendant's pre-*Strong* contentions on appeal, inter alia, that denial of his prior habeas corpus petition based on *Banks* was not a decision on the merits, the trial court improperly relied on the summary of facts in our prior opinion, and the trial court improperly conducted a review of the evidence under *Banks* and *Clark*.